IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 26-10031-RGS-JCB |
| | ) | |
| (1) SNIDERS JEAN-JACQUES, | ) | |
| (2) LORNE JOHNSON, | ) | |
| (3) TANYA PIERRE, and | ) | |
| (4) ASHLEY SPIKE | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## [PROPOSED] PROTECTIVE ORDER

Upon consideration of the government's Assented-To Motion for Protective Order, and

pursuant to Federal Rule of Criminal Procedure 16(d) and Local Rules 7.2 and 116.6, it is hereby

**ORDERED** that:

1) The discovery materials produced by the government in this case may be used by

the defendants, defendants' counsel, and any experts or employees or agents of defendants'

counsel solely in defense of this case, including any appeal, and for no other purpose and in

connection with no other proceeding.

2) The defendants and defendants' counsel shall not disclose any discovery materials,

directly or indirectly, to any other person except those assisting the defense, persons who are

interviewed as potential witnesses, or potential experts employed during the course of and as

necessitated by the investigation and defense of this case.

3) Except in the case of expert witnesses, copies of discovery materials may only be

shown to or played for, but not given to, potential witnesses. Defendants' counsel shall redact any

1

Social Security numbers, dates of birth, and financial account numbers of third parties from the copies of materials shown to or played for any witnesses (excluding defendants, subject to the terms of Paragraph 4, below). However, if the materials shown to or played for a particular witness contain confidential information belonging to that particular witness, that information need not be redacted from the materials shown to or played for that witness.

4) Defense counsel and their office staff ("the defense") shall maintain any discovery materials marked confidential by the government ("the Confidential Discovery Materials"), including any copies the defense makes, as follows:

a) Except as provided below, the defense shall maintain possession of all copies of the Confidential Discovery Materials. No copy may be left in the possession of the defendants, nor may the defendants write down, photograph, or otherwise record the content of the Confidential Discovery Materials. A copy may be left with the Plymouth County Correctional Facility or the Donald W. Wyatt Detention Facility (collectively, "the Facilities") for secure review of the materials by any detained defendants as described below.

b) A copy of this protective order shall be kept with the copies of the Confidential Discovery Materials at all times.

c) The only people who may view the Confidential Discovery Materials are the defense, the defendants, and any experts or other trial preparation professionals ("defense professionals") designated by the defense, as detailed below. Defendants who are not detained may access and view the

2

Confidential Discovery Materials solely in the presence (including via remote technology) of the defense (defense counsel or their office staff) and under the direct supervision and control of the defense. Detained defendants may access and view the Confidential Discovery Materials provided to them by their counsel at the Facilities, according to the protocols established by the Facilities for the secure review of evidence by detained defendants, consistent with this Order, including the restrictions in subparagraph 4(a), above.

d) In no event shall the defense or the defendants disclose or describe any of the Confidential Discovery Materials to any other person or entity other than the government or this Court, other than under the terms laid out below, or as necessary during a court proceeding, subject to redactions protecting confidential information in accordance with this Court's Local Rules.

5) The defense and the defendants may describe or provide copies of the Confidential Discovery Materials to any defense professional retained by them, but only if:

a) The defense professional signs a copy of this Order, and by doing so, agrees to maintain the Confidential Discovery Materials in accordance with the above procedures as if they were members of the defense and solely for the purposes of assisting the defense in this case, and not for any commercial or other purpose; and

b) The procedures outlined above shall govern the defense professional's use, maintenance, disclosure, and safekeeping of the evidence, except that the

3

defense professional may maintain the discovery materials at their offices, but only under the same secure conditions provided above.

6)      Defense counsel shall promptly notify the government and the Court if any Confidential Discovery Materials are disclosed to anyone not designated by this Order or further order of the Court, either intentionally or unintentionally.  The defendants and any defense professional shall promptly notify defense counsel of any such disclosures.

7)      At the end of these proceedings, the defendants, the defense, and the defense professionals shall return the Confidential Discovery Materials to the government or certify to the government that the Confidential Discovery Materials have been destroyed.

8)      Nothing in this Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

Dated: ___March 5, 2026___        _____

HON. JENNIFER C. BOAL,
United States Magistrate Judge

4